FILED
JAN 17 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name   Smith,           Alonzo
       (Last)           (First)           (Initial)

Prisoner Number   CDC&R #H-63329

Institutional Address   31625 Highway 101/P.O. Box 1050, Soledad, CA 93960-1050

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ALONZO SMITH
(Enter the full name of plaintiff in this action.)

vs.

R. MACK, Doctor; R.T.C. GROUNDS, Warden; G. ELLIS,
C.E.O. Medical; CANCHOLA, Correctional Officer, ('C/O');
(Nurse) BAKER, R.N.; SENISI, LVN; Dr. MUNK, DDS;
PARA, "C/O"; DOES 1-10 (SGT. & LT. 2nd/W & 3rd/W.);
Dr. WHITENBERG; DOES, 1-10, et al., inclusive.
(Enter the full name of the defendant(s) in this action)

Case No. 13    0246

(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
Title 42 U.S.C § 1983

[DEMAND FOR JURY TRIAL]

PJH

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies.

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A.   Place of present confinement   SALINAS VALLEY STATE PRISON

B.   Is there a grievance procedure in this institution?

     YES (X)     NO ( )

C.   Did you present the facts in your complaint for review through the grievance procedure?

     YES (X)     NO ( )

D.   If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why. [Appeal Log No. #SVSP HC 12047250.] (DENIED) ---------->>>

COMPLAINT

- 1 -

## "STATEMENT OF FACTS"

A. On March 30, 2012, Plaintiff was seen on "A" Yard after an altercation;

B. Doctor Joerg Wittenberg, DDS, determined that palintiff's jaw (right mandibular), was severely displaced and fractured;

C. Because of the severity of this injury, Plaintiff was transferred to the "C.T.C.", Hospital to be treated;

(1) Plaintiff was diagnosed with severely displaced right subcondylar fracture and right parasymphyseal fracture, and was treated with closed reaction, admitted to Infirmary (CTC HOSPITAL), for 4-6 weeks after that, patient can go back to Yard, "...medication continue as from yard, Add peroxide oral rinses, BLENDED DIET, Pen vk and pain meds, arch cutter to infirmary nursing station." (see: "SUPPLEMENTAL TO DENTAL PROGRESS NOTES", attached as Exhibit "B".)

D. On May 09, 2012, plaintiff was released back to "A" Facility from the "C.T.C.", and Hospital, despite plaintiff not being ready to leave the hospital for several reasons:

(1) Plaintiff attempted to explain to C/O PARA that his mouth is still wired-up, and shouldn't be released back to the yard until the wires were removed from his mouth;

(2) Plaintiff asked to speak to the Sergeant. Sergeant DOE came and told plaintiff that, "They need the bed-space for someone else, and he was cleared to return to the yard;

(3) Plaintiff explained to Sgt. DOE, that he didn't feel safe based upon the information he had gleaned from Specialist Doctors, as some of the medical accomodations that he required were not available on "A" Facility, specifically, the " Special BLENDED Diet" required to be eaten through the wires holding his jaw together. And asked to speak with the Lieutenant on duty.

(4) A Lieutenant assigned to "C.T.C." arrived, but plaintiff was not allowed to speak with him, instead, Sergeant DOE stated that, "...the Lt. is aware of your release from "C.T.C.", and you ARE going back, so you have two (2) choices, either go back, or GO TO THE HOLE." Plaintiff was sent back to "A" Facility with a "Soft-Chopped Diet" Order authored by Dr. TUVERA, and witnessed by C. WATSON, Registered

STATEMENT OF FACTS

1-A

1 Dietician, (see "PHYSICIAN'S ORDERS", attached hereto as Exhibit "C".)

2     E. On the day of his release, 05/09/2012, at 4 P.M., "A" Facility Staff were releasing Building 5 for dinner; Plaintiff explained to Building Staff that he could not eat Regular Meals, due to his mouth still having wires in them, and he could not open his mouth to eat. Building Floor Staff sent plaintiff to the "A" Facility Clinic.

    (1) Plaintiff arrived at the Clinic, and explained to C/O CANCHOLA that he had just been released from CTC with a Doctor's Orders to have a Soft-Chopped Food Diet. Plaintiff "smiled" so that Officer CANCHOLA could see that his mouth was fully wired, and could not eat. Officer CANCHOLA then printed-out the CTC Doctor's Orders, and brought them to Doctor R. MACK, plaintiff's "Primary Care Physician" (PCP). Dr. MACK stated, "This is a dental issue." Dr. MACK then refused to help plaintiff in any way.

    (2) Officer CANCHOLA then took the Doctor's Orders into the "A" Clinic Nurse's Station and showed them the Orders. All the Nurses stated, "They don't do SOFT- or-Chopped Food Diets on "A"- Facility."

    (3) Officer CANCHOLA then took the Doctor's Orders to the "A" Facility Sergeant and Lieutenant. They told her it was a "Medical issue, and they cannot help."

    (4) Officer CANCHOLA then took the Doctor's Orders to the "A" Facility Kitchen, to see what they could do. Kitchen Staff told C/O CANCHOLA, "We cannot chop or blend food, sorry."

    (5) Officer CANCHOLA then went back to the Sergeant's and Lieutenant's Office to talk to the 3rd watch supervisors. When she came back, she stated, "No one can provide you with your Doctor's Orders; you will need to return back to C.T.C..

    (6) Officer CANCHOLA then called C.T.C. to arrange transport/transfer, and she was told that, "There is no bed-space available for Mr. Smith, and he should just do the best he can to eat..."

F. On May 10, 2012, the next day at breakfast time, plaintiff approached C/O CANCHOLA again regarding his morning meal, that he was very hungry, the only thing he had to eat was water.

    (1) C/O CANCHOLA again told the A.M. Nurses that plaintiff needed a Soft/Chopped Food Diet. The A.M. Nurses told CANCHOLA, "We do not have Soft/Chopped Food Diets on "A" Facility.

    (2) Officer CANCHOLA then went to the watch Sergeant's and Lieutenant's Office, and informed them plaintiff needed his Special Diet that doctors had ordered for him, and needed it delivered to the yard, or if not, that plaintiff needed to be

STATEMENT OF FACTS

returned to the C.T.C. immediately. Sgt. and Lt. DOES then informed her that it was a "Dental Issue." And refused to help.

(3) On May 11, 2012, plaintiff asked C/O CANCHOLA if she would ask the "A" Facility Dentist, Dr. MUNK, DDS if he could assist in getting his meals delivered to the yard. Dr. MUNK stated, "There's nothing I can do."

G. May 12 & 13 was the weekend, which plaintiff spent attempting to get his meals by going on his own, contacting anyone who would listen. Plaintiff was very hungry, and attempted to blend his own food, however, this caused excruciating pain in his jaw.

(1) Plaintiff went to the "A" Clinic, contacting his Yard Nurses, R.N. BAKER, and L.V.N. SENISI, who both stated, "There's nothing we can do." Plaintiff persisted, explaining to them that he is in constant pain because of being forced to try and eat regular meals himself, as no one will feed him..

(2) Plaintiff then complained further to BAKER & SENISI, telling them that in addition to being hungry, the medication he was receiving was starting to hurt his stomach real bad due to his ulcers and G.E.R.D.; he explained to them that the medication wears-off too fast and he is in constant pain. Plaintiff again showed the nurses his mouth fully wired-up, and impossible for him to eat. Nothing was done.

(3) On 05/13/2012, plaintiff filled-out an EMERGENCY HEALTH CARE SERVICES REQUEST FORM, requesting his Special Food Diet, (see: CDCR 7362, attached as Exhibit "D"). Plaintiff was not seen for three (3) days: (05/16/2012).

H. Plaintiff filled-out two(2) more Requests For Health Care Services, one dated May 15, 2012, and the next dated May 16, 2012, asking about his Special Food Diet, and informing Medical Staff of the severe pain he was enduring. (see: Exhibit "E", attached.)

I. On May 16, 2012, plaintiff was seen by Dr. MUNK, Dentist. (see: "DENTAL PROGRESS NOTES", attached hereto as Exhibit "F".) Who stated that he could not do anything for plaintiff, "...except for refer him back to C.T.C.."

J. On May 25, 2012, plaintiff was sent back to "A" Facility Clinic to see the dentist, Dr. MUNK, DDS; plaintiff explained to Dr. MUNK that he was in constant pain, and it was impossible for him to chew regular food, and requested him to fix his medication. Dr. Munk informed plaintiff THERE WAS NOTHING HE COULD DO. (see: DENTAL NOTES, attached hereto as Exhibit "G".)

K. On May 31, 2012, plaintiff was seen by "A" Facility Dental,

STATEMENT OF FACTS

1-C

who noticed his mouth was swollen, and referred him to the Oral Dentist for urgent care, (see: Exhibit "H", "PHYSICIAN'S REQUEST FOR SERVICES".)

L. On June 06, 2012, plaintiff was seen by the Oral Surgeon, who stated he might need additional surgery, if he is not improving with chewing and pain, (see: "DENTAL PROGRESS NOTES", attached hereto as Exhibit "I".) Oral Surgeon informed plaintiff that he has not received his Special Diet because staff is 'Too Lazy' to deliver it to the yard.

M. From June 06, 2012 -to- July 23, 2012, plaintiff continually attempted to get his Special Soft-Food Diet that was still ordered for him, with no results. On July 23, 2012, his pain became so severe, that he placed another Health Care Services Request (CDCR 7362), explaining that his mouth was very sore and it was very hard to chew; the pain level being an 8. (see: "CDCR Form 7362, #1763443", attached hereto as Exhibit "J".)

N. On July 25, 2012, Plaintiff was seen by the Oral Surgeon again, and again, Nothing was done, and no Special Diet was provided. (see: "SUPPLEMENTAL DENTAL PROGRESS NOTES", attached hereto as Exhibit "K".)

O. On August 01, 2012, plaintiff was seen by the Oral Surgeon for a Follow-up. Plaintiff made Oral Surgeon aware that he was in severe pain, and unable to chew. Oral Surgeon, WITTENBERG, did nothing except give him a 4 week Cell-feed chrono. (see: "DENTAL PROGRESS NOTES", Attached hereto as Exhibit "L".)

P. On August 12, 2012, plaintiff was in so much pain, that he submitted another CDCR 7362, informing health Care staff that he was in severe pain from his jaw, and that his jaw was not healing correctly. (see: "HEALTH CARE SERVICES REQUEST FORM #1763439", Attached hereto as Exhibit "M".)

Q. After three (3) days of hearing nothing from Medical Staff, plaintiff again submitted another CDCR form 7362, restating the extreme pain in his jaw, and requesting

STATEMENT OF FACTS

1-D

that his pain medication be increased. (see: "HEALTH CARE SERVICES REQUEST FORM", No.#1764167, attached hereto as Exhibit "N".)

R. Later in the day of August 15, 2012, plaintiff was seen by Dr. MUNK, at the A-yard Dental. Plaintiff was in severe pain and frustrated over the Deliberate Indifference to his Dietary Needs, and Pain Issues. Plaintiff explained to Dr. MUNK that he was being forced to eat regular food, and as a direct result of this, his jaw was healing incorrectly. "When I bite, I can hear and feel cracking and grinding and feel lots of pain." Is what stated, and AGAIN let Dr. MUNK know that he was still being deprived of his Special Soft-Food Diet, and was told that he needed to be housed at the CTC Infirmary for that service. Plaintiff again asked for a transfer to CTC. Again, Dr. MUNK stated thre was nothing he could do for plaintiff. At this, Plaintiff was at the end of his sanity, from both physical pain and Emotional Suffering. (see: "DENTAL PROGRESS NOTES", attached hereto as Exhibit "O".)

S. After waiting a week, every day trying to get his Special Soft-Food Diet, Plaintiff Again submitted another Health Care Services Request form, apprising Medical Staff that his jaw/mouth is making a 'crunching' sound when he chews, and the extreme pain he was in. (see: "CDCR Form 7362 No. #1764167", attached hereto as Exhibit "P".) This was on August 21, 2012.

T. Three (3) days later, on August 24, 2012, palintiff was again seen by Dr. MUNK at 2:30 P.M., and told that he was unable to get plaintiff's ordered Soft-Food diet for him, and could not help him at all. (see: "DENTAL PROGRESS NOTES, Dated 8/24/12", Attached hereto as Exhibit "Q".)

U. Plaintiff continued to suffer in pain every time he ate or talked; during a search, prison officials took plaintiff's tongue blades from him. On August 28, 2012, plaintiff was seen by Dr. MACK, and referred back to Dr. MUNK, Dentist. (see: "PRIMARY CARE PROVIDER PROGRESS NOTES, Dated: 8/28/12", Attached hereto as Exhibit "R".)

V. On August 29, 2012, plaintiff was seen by Dr. MUNK again.

STATEMENT OF FACTS

1-E

Plaintiff was given more tongue blades, and informed of the possibility of further surgery. (see: "DENTAL PROGRESS NOTES", Dated 8/29/12, Attached hereto as Exhibit "S".)

**W.** Plaintiff is now suffering severe pain and discomfort every time he eats or talks. The only possibility he has of relieving this pain is more surgery and continued pain medications. Plaintiff hereby swears-out this Complaint under 42 U.S.C. §1983, for the redress of his rights that were, and are, being violated by named Prison Medical Officials at S.V.S.P.

Plaintiff has read the foregoing Statement of Facts, and hereby declares that they are true to the best of his knowledge and beliefs.

DATED: 1-7-13

*Alonzo Smith*
Alonzo Smith, Plaintiff, Pro Se

ALoNZo SMith

STATEMENT OF FACTS

1-F

1. First formal Review: CCR 602-HC, received on August 08, 2012 by SVSP Appeals Office. _____ Then, I Complained that when I was released from the Correctional treatment Center ("CTC") on May 09, 2012, I was ordered a "Chopped Food/Soft Food Diet", but did not receive either. Instead, I was told by A-Yard Medical Staff, that they did not have the equipment to accomodate me, and that I was to "eat the best I could." Per my further complaints to A-Facility Medical Staff, including Dr. MUNK, Dentist, I presented the facts that I was in constant pain, and could not chew correctly. This Appeal was Partially Granted after Dr. MUNK indicated that my jaw was not healing right due to 'over-working' it. However, this 'Partial Granting' was Inadequate, as I was still told to "Make due with what is provided", and that I would NOT be (cell) FED AS THE CLINICIAN ADVISED & REQUESTED. [This was UNSATISFACTORY].

3. Second formal level
The Second Formal Level of Review was no different; my Requests were either totally ignored, or outright denied. I was advised due to my Medical Condition, a CDCR 7410, Comprehensive Accomodation Chrono ("CHRONO"), had been written for a temporary 30 days for "Cell-Front Feeding" Only. That there was no special dietary order for "chopped" food at S.V.S.P.

4. Third formal level. My Director's Level Review (DLV), was decided on 12/3/12, reiterating the Severe Pain I was in, unable to chew regular food, and the diagnosis by Dental Staff, (Dr. MUNK), that I would need additional surgery. Despite my Extreme Suffering, and evidence indicating I had, and continue to have a Serious Medical Need for Medical Treatment, Diagnosis, and further ACCOMODATION, my Emergency Pleas for help were ignored & Denied.

E. Is the last level to which you appealed the highest level of appeal available to you?   [ Third - Director's Level Review ]   (DENIED on 12/03/201)

YES (X)    NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. [I filed two(2) other separate Administrative Appeals, and these were either Ignored, or "Thrown-Away"?]   (Lost Appeals are a common practice here @ SVSP)

[*Appeal Log No.#SVSP-HC 12047250, attached hereto as Exhibit "A", Exhausts my Administrative Remedies with the CDC&R.]

II.   Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.   [PLAINTIFF]: P.O. BOX 1050, SOLEDAD, CA 93960
ALONZO SMITH is a California State Prisoner who has been seriously injured while incarcerated at Salinas Valley State Prison at Soledad, California. Defendants were deliberately Indifferent to his serious medical needs because they failed to provide adequate care and treatment for injuries he sustained as a result of a broken and wired-up jaw that required SPECIALIZED FOOD ACCOMODATIONS, and Diagnostic Testing/Treatment for Worsening Condition(s). As well as Adequate Pain Control.

B. Write the full name of each defendant, his or her official position, and his or her place of employment.   [ DEFENDANTS ]:

(1). Dr. MACK is a 'Primary Care Physician, he is legally responsible for the Care and Treatment of Inmate/Patients under his care; (2). Dr. MUNK, Dentist is employed by the CDC&R to provide dental related services to Inmate/Patients on A-Facility @ SVSP.   (continued)

COMPLAINT

(3) R.T.C. GROUNDS is the current warden at Salinas Valley State Prison (S.V.S.P.). He is legally responsible for the operation of SVSP and for the welfare of all inmates of that prison;

(4) C/o CANCHOLA IS A Correctional Officer for CDC&R. At all relevant times mentioned herein, she worked as a Medical Liason for SVSP's A-Facility's Medical Clinic;

(5) Nurse BAKER is a Registered Nurse who at all of the relevant times mentioned herein, was hired by the CDC&R as "Head Nurse" in SVSP's A-Facility Medical Clinic to perform and carry-out medical duties authorized by his LICENSING including the adequate diagnostic and triage duties required of this role;

(6) Nurse SENISI IS A Licensed Vocational Nurse, hired by the CDC&R to carry-out medical duties authorized by her licensing, and to provide routine patient care under the direction of a Registered Nurse or physician, and was assigned to SVSP's A-Facility Clinic;

(7) D.D.S. MUNK is a dentist hired by the CDC&R to carry-out dental duties authorized by his licensing, and was at all of the relevant times mentioned herein, was assigned to SVSP's A-Facility Medical Clinic;

(8) C/O PARA is a Correctional Officer for the CDC&R. at all relevant times mentioned herein, he was assigned to the "C.T.C." as a Medical Liason/Search & Escort Officer;

(9) Dr. WHITTENBERG is an Oral Surgeon hired by the CDC&R to diagnose and provide adequate medical care to inmate/patients, and was assigned to SVSP's "C.T.C.";

(10) DOES 1-10 are Unidentified Supervisory Staff, including 2nd watch and 3rd watch Sergeant & lieutenant who at all relevant times mentioned herein were assigned to SVSP's A-Facility, where plaintiff is housed.

Each defendant is sued individually and in his or her official capacity. Defendants, at all times mentioned herein acted under the color of California law.

COMPLAINT

-3-

III. Statement of Claim. [see: "STATEMENT OF FACTS", attached hereto.]

1. Plaintiff is a California State Prisoner who has been seriously injured because of defendant's deliberate indifference to his serious medical needs in violation of the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution. Plaintiff brings this civil rights action because the medical care system at SVSP is still being ran improperly. These unconstitutional conditions have caused widespread harm, including severe and unnecessary pain, injury and death. Because defendants know that plaintiff's condition if left untreated, or adequately cared for post-op, creates an unreasonable risk of future harm but have not responded reasonably to this dire situation, plaintiff seeks an injunction compelling defendants to immediately furnish him with constitutionally adequate medical care.

IV. Jurisdiction.

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985 to redress the deprivation, under the color of state law, of rights secured by the Constitution of the United States. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343. The Court also has pendant jurisdiction over the state claims persuant to 28 U.S.C. § 1367. Plaintiff seeks declatory and injunctive relief under 28 U.S.C. §§ 1343, 2201 and 2202, 29 U.S.C. § 794a and 42 U.S.C. § 12101 et seq.

3. The unlawful acts and practices alleged occured primarily within this judicial district and the majority of the defendants reside within this district, 28 U.S.C. §1391(b). Plaintiff respectfully requests a jury trial on these allegations.

V. Relief.

4. Plaintiff has no adequate or speedy remedy at law for the above-mentioned conduct of defendants, and this action for injunctive relief is plaintiff's only means for securing relief.

WHEREFORE, plaintiff requests this Court:

   (1) A declatory judgement that the defendant's acts and practices described herein violate plaintiff's rights as herein stated.
   (2) A preliminary and permanent injunction which prohibits and requires

COMPLAINT

- 4 -

that defendants, their agents, employees, and successors:

(i) Provide Plaintiff with Emergency Evaluation & Treatment for his severe injuries to his maxilla and mandible, (jaw bones).

(ii) Approve and Deliver the Appropriate Food Diet Requirements as recommended and ordered by Plaintiff's doctors who treated his broken jaw initially, and who ordered specific Extended Care Requirements.

(iii) Cease the practice of "Ignoring with Deliberate Indifference, the Serious Medical Needs of prisoners housed at SVSP." Specifically, Ignoring Plaintiff's pleas for Medical Help/Care from continuous debilitating pain and discomfort resulting from SVSP Medical Official's intentional disregard for plaintiff's health and safety, during the recovery of Jaw-wiring a broken jaw bone(s).

(a) Provide Adequate Pain Control;
(b) Evaluate Plaintiff Physically and Mentally to determine the adverse result to him resulting from Plaintiff being wrongfully denied adequate medical care for an extended period of time, and the adverse impact on Plaintiff's physical and mental well-being.

(iv) Preliminarily and permanently enjoin defendants Richard MACK, D.O.; GROUNDS; ELLIS; CANCHOLA; BAKER; SENISI; MUNK; PARA, their agents, employees, and all persons acting in concert with them, from subjecting plaintiff to the unconstitutional and unlawful acts, omissions, policies, and conditions as described above;

(3) Award Plaintiff SEVENTY FIVE THOUSAND DOLLARS IN COMPENSATORY DAMAGES AND SEVENTY FIVE THOUSAND DOLLARS IN PUNITIVE DAMAGES.

(4) Award Plaintiff the costs of this suit,

(5) Retain jurisdiction of this case until defendant's have fully complied with the Court, and there is a reasonable assurance that defendant's will continue to comply in the future absent continuing jurisdiction; and

(6) Award such other and further relief as the Court deems just & proper.

COMPLAINT

- 5 -

(7) A jury trial on these allegations;

(8) Adequate follow-up to prevent further and/or future problems, such as adequate screening of Plaintiff's medical (surgical) needs to correct the disabling condition(s) Plaintiff suffers from, as well as address adequate Pain Control.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 1-7-13 .

Respectfully Submitted,

*Alonzo Smith*
Alonzo Smith, Pro Se

Alonzo Smith

COMPLAINT