UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C 13-0246 PJH

ALONZO SMITH,

    Plaintiff,

v.

DR. R. MACK, et al.,

    Defendants.

    /

**ORDER GRANTING MOTION FOR SCREENING OF FIRST AMENDED COMPLAINT; REQUIRING MOVING DEFENDANTS TO REPLY TO FIRST AMENDED COMPLAINT; REQUIRING MEET AND CONFER RE SERVICE; SETTING CASE MANAGEMENT CONFERENCE**

Plaintiff Alonzo Smith, a state prisoner currently incarcerated at Salinas Valley State Prison, has filed a complaint under 42 U.S.C. § 1983.  The original pro se complaint was dismissed with leave to amend and plaintiff, now represented, has filed a first amended complaint ("FAC").  Plaintiff was granted leave to proceed in forma pauperis, and has since paid the filing fee in full.  Plaintiff's counsel served the summons and complaint on six of the nine named defendants.  Defendants M. Sensi, R.T.C. Grounds, V. C. Munk, G. Ellis and R. Mack have filed a motion for screening of the FAC pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.**    **Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1), (2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly* as follows: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 566 U.S. 622, 679 (2009).

**B.  Legal Claims**

Plaintiff alleges that his jaw was broken in a fight and that he was seen at A Facility at SVSP by defendant Wittenberg, who transferred plaintiff to the clinical treatment center ("CTC") for treatment. Plaintiff spent six weeks in the CTC, during which time he was allegedly harassed by Correctional Officer Para and Doe defendant members of the CTC custody staff. At CTC, plaintiff became ill and began vomiting; Doe defendants denied plaintiff assistance for two days, then a nurse cut the wire holding his jaws shut to allow him to clear his mouth upon vomiting. His jaws were not rewired back together, and plaintiff was returned to his housing unit at SVSP with an order for a soft-chopped diet. Plaintiff alleges that after informing the infirmary staff that he could not eat regular meals, he was not provided a soft chopped food diet to make it easier to eat. Plaintiff alleges that he had difficulty eating the regular meal because of the pain caused by even slight jaw movement.

He alleges that defendants Mack, Munk, Knorton, Wittenberg, Baker, Senisi, and Doe defendants refused to help him or provide the medically required diet.  Plaintiff alleges that he has continued to suffer severe pain in his jaw, that he has not been able to eat normally, that his pain medication is inadequate, that he is constantly hungry, that he has lost weight, and that his speech has been affected.  He further alleges that defendants Grounds and Ellis established the practice and policies by which their subordinates denied plaintiff proper medical care.

**C.    Screening**

In the February 13, 2013 initial screening order, the court held that the allegations were sufficient to state a constitutional claim against defendants Dr. Munk and Dr. Mack for the failure to provide him a sufficient diet.  However, the court dismissed the claims against the remaining defendants with leave to amend, except as to Canchola, for failure to link them to the alleged Eighth Amendment deprivation.  Because plaintiff's claims are governed by section 1915A, the court is required to review the FAC.  It appears from the docket that plaintiff's counsel obtained issuance of the summons and had service effected on defendants Wittenburg, M. Sensi, R.T.C. Grounds, V. C. Munk, G. Ellis and R. Mack. Doc. nos. 14, 17-21.  Notwithstanding plaintiff's contention that a paralegal was told by a clerk of the court that the screening had already been completed, the record shows that the court has not reviewed the claims asserted in the FAC, as required by section 1915A. Defendants' request for screening is therefore GRANTED, and the court proceeds with its review of the FAC.

Medical claims like the one presented by plaintiff are actionable under section 1983 only if plaintiff is able to allege facts plausibly asserting that he was the victim of deliberate indifference to a serious medical need, a violation of the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the

3

seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *See Leer*, 844 F.2d at 633 (citations omitted). Plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his rights. *Leer*, 844 F.2d at 634. At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff has sufficiently alleged a claim of deliberate indifference to a serious medical need against defendants Mack, Munk, Knorton, Wittenberg, Baker, and Senisi, who is identified by defense counsel as M. Sensi. As to defendant Para, however, the allegations that Para refused to allow plaintiff out for recreation or fresh air during the six weeks he was at CTC fails to allege a claim of deliberate indifference to a serious medical need in violation of his civil rights.

Plaintiff further seeks injunctive relief against defendants Grounds, the warden of SVSP, and Ellis, the CEO of medical services, to direct them to provide plaintiff with dietary, pain relief or other ongoing care measures pursuant to an independent medical evaluation. Failure to provide a system of ready access to adequate medical care, failure to provide a medical staff competent to examine and diagnose inmates' problems and failure to treat the problems or refer the inmates to others who could, for physical, dental

and mental health problems, are violations of the Eighth Amendment. *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). The allegations of the FAC are sufficient to state a plausible claim for injunctive relief against Grounds and Ellis.

Plaintiff also seeks relief against correctional officer Para and defendant Baker for suppressing his written grievances and medical requests in violation of his First Amendment rights. There is no constitutional right to a specific prison grievance procedure, and the FAC fails to identify a right protected by the First Amendment. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). To the extent plaintiff alleges that his grievances were improperly suppressed, these allegations fail to state a cognizable claim.

**CONCLUSION**

1. Defendants' motion for screening of plaintiff's first amended complaint is GRANTED.

2. Defendant Para is DISMISSED with prejudice.

3. Pursuant to 42 U.S.C. § 1997e(g)(2), defendants M. Sensi, R.T.C. Grounds, V. C. Munk, G. Ellis and R. Mack are ordered to file an answer or otherwise respond to the first amended complaint within **twenty-one days** of the date of this order.

4. As summonses have not yet issued for defendants Baker and Knorton, counsel for plaintiff and the moving defendants are directed to meet and confer as to whether defense counsel will waive service of summons and accept service for Baker and Knorton, who plaintiff alleges are employed at SVSP. If the parties do not reach an agreement as to service, plaintiff's counsel may file, within **twenty-one days** of the date of this order, a request for issuance of summons and service by the United States Marshal on Baker and Knorton, pursuant to plaintiff's in forma pauperis status. Alternatively, plaintiff's

counsel may serve the summons, a copy of the complaint with attachments and a copy of this order on defendants Baker and Knorton.

     5.     An initial case management conference is set for **January 9, 2014, at 2:00 p.m.**, in Courtroom 3, 3rd Floor, Federal Building, 1301 Clay Street, Oakland, California. Counsel shall meet and confer as required by Fed. R. Civ. P. 26(f) prior to the Case Management Conference with respect to those subjects set forth in Fed. R. Civ. P. 16(c). Not less than seven (7) days before the conference, counsel shall file a joint case management statement addressing each of the items listed in the "Standing Order For All Judges Of the Northern District -- Contents of Joint Case Management Statement," which is available on the court website. A proposed order is not necessary. Following the conference, the court will enter its own Case Management and Pretrial Order. If any party is proceeding without counsel, separate statements may be filed by each party.

     Each party shall appear personally or by counsel prepared to address all of the matters referred to in this Order and with authority to enter stipulations and make admissions pursuant to this Order. Any request to reschedule the date of the conference shall be made in writing, and by stipulation if possible, at least ten (10) calendar days before the date of the conference and must be based upon good cause.

**IT IS SO ORDERED.**

Dated: October 30, 2013

                                PHYLLIS J. HAMILTON
                                United States District Judge