1  KAMALA D. HARRIS
   Attorney General of California
2  JAY M. GOLDMAN
   Supervising Deputy Attorney General
3  PREETI K. BAJWA
   Deputy Attorney General
4  State Bar No. 232484
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5956
6    Fax:  (415) 703-5843
     E-mail:  Preeti.Bajwa@doj.ca.gov
7  *Attorneys for Defendants W. MUNIZ,*
   *V. C. MUNK, G. ELLIS, R. MACK, AND*
8  *J. WITTENBERG*

DAN SIEGEL, SBN 56400
NEIL COLIN SATTERLUND, SBN 286673
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, California 94612
Telephone: (510) 839-1200
Fax: (510) 444-6698
DENNIS CUNNINGHAM
Law Office of Dennis Cunningham
115-A Bartlett Street
San Francisco, CA 94110
Telephone: 415-285-8091
Fax: 415-285-8092
Attorneys for Plaintiff
  ALONZO SMITH

9

10                 IN THE UNITED STATES DISTRICT COURT

11             FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14

15  **ALONZO SMITH,**

16                                    Plaintiff,

17         **v.**

18  **W. MUNIZ, et al.,**

19                                    Defendants.

20

C 13-0246 VC (PR)

**STIPULATION TO PROTECTIVE
ORDER AND [PROPOSED] ORDER**

Judge:         The Honorable Vince Chhabria
Trial Date:    None

Action Originally Filed:   Jan. 17, 2013
Action Amended:            May  2, 2013
Second Amended Action:     Jan. 22, 2014

21

22  **1.    PURPOSES AND LIMITATIONS**

23         Disclosure and discovery activity in this action are likely to involve production of

24  confidential, proprietary, or private information, and records of the California

25  Department of Corrections and Rehabilitation (CDCR) or Salinas Valley State Prison

26  (SVSP) that concern prison management, reflect the personal information of inmates, or

27  that would threaten prison safety and security for which special protection from public

28  disclosure, disclosure not authorized by law, and from use for any purpose other than

1

1  prosecuting this litigation may be warranted. Accordingly, Plaintiff Alonzo Smith and

2  Defendants Muniz, Munk, Ellis, Mack, and Wittenberg (the "Parties") hereby stipulate to

3  and petition the Court to enter a protective order under the terms stipulated to by the

4  Parties. The Parties acknowledge that this Order does not confer blanket protections on

5  all disclosures or responses to discovery and that the protection it affords from public

6  disclosure and use extends only to the limited information or items that are entitled to

7  confidential treatment under the applicable legal principles. The Parties further

8  acknowledge, as set forth in Section 12.3, below, that this protective order does not

9  entitle them to file confidential information under seal; Civil Local Rule 79-5 set forth the

10  procedures that must be followed and the standards that will be applied when a party

11  seeks permission from the Court to file material under seal.

12      The parties cannot anticipate all discovery requests that may be propounded

13  throughout this case, and therefore, they also acknowledge that this protective order is

14  not a waiver of any objection by a party to the production of privileged or confidential

15  documents and information, including but not limited to the right to privacy and the

16  official information privilege, nor does this affect the parties' right to withhold the

17  production of the privileged or confidential documents and information. Such privileged

18  and confidential documents and information will be withheld until, after the parties meet

19  and confer, the propounding party successfully moves for an *in camera review* by the

20  Court, and will not be produced absent a Court order requiring production after an *in*

21  *camera review*. No party will be held in contempt of this protective order for any

22  objections and withholding of documents asserted under this section.

23      Defendants assert that they will only designate materials as CONFIDENTIAL or

24  CONFIDENTIAL - ATTORNEYS' EYES ONLY under this Protective Order if they contain

25  information that has been deemed confidential by the California Department of

26  Corrections and Rehabilitation (CDCR) for safety and security reasons, and has been

27  restricted from general distribution, including but not limited to inmates, parolees, and

28  the public.

## 2.   DEFINITIONS

2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and/or California state law including, but not limited to, internal documents of CDCR or SVSP regarding prison management, safety, and security.

2.3   "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and constitutes or discloses information which threatens prison safety or security.  The criteria for such a designation shall be whether the Party has a good faith belief that the information is entitled to protection from disclosure to non-attorneys, including any inmate, because such information threatens inmate or prison safety or security.

2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.5   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, made available for inspection, or generated in disclosures or responses to discovery in this matter.

2.6   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3

1    2.8   Counsel of Record:  attorneys who are retained to represent or advise a party

2  to this action and have appeared in this action on behalf of that party or are affiliated

3  with a law firm which has appeared on behalf of that Party (as well as their support

4  staff).

5    2.9   Party:  any party to this action, including all of its officers, directors,

6  employees, consultants, retained experts, and Outside Counsel of Record (and their

7  support staffs).

8    2.10  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

9  Material in this action.

10    2.11  Professional Vendors:  persons or entities that provide litigation support

11  services to Counsel of Record or the Parties (e.g., photocopying, videotaping, translating,

12  preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any

13  form or medium) and their employees and subcontractors.

14    2.12  Protected Material:  any Disclosure or Discovery Material that is designated as

15  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

16    2.13  Receiving Party:  a Party that inspects or receives Disclosure or Discovery

17  Material from a Producing Party.

18  **3.   SCOPE**

19    The Stipulation shall apply to the production and exchange of all documents,

20  testimony, interrogatories, admissions, and other information including, without

21  limitation, expert reports, produced or exchanged by the parties and all nonparties in the

22  course of this action, that the producing party designating the materials reasonably and

23  in good faith believes to contain confidential information (Protected Information),

24  regardless of whether such production or exchange is made informally or in response to

25  formal discovery requests or mechanisms.

26    The protections conferred by this Stipulation and Order cover not only Protected

27  Material (as defined above), but also (1) any information copied or extracted from

28  Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

4

1  Material; and (3) any testimony, conversations, or presentations by Parties or their

2  Counsel that might reveal Protected Material.  However, the protections conferred by

3  this Stipulation and Order do not cover the following information: (a) any information

4  that is in the public domain at the time of disclosure to a Receiving Party or becomes part

5  of the public domain after its disclosure to a Receiving Party as a result of publication not

6  involving a violation of this Order, including becoming part of the public record through

7  trial or otherwise; and (b) any information known to the Receiving Party prior to the

8  disclosure or obtained by the Receiving Party after the disclosure from a source who

9  obtained the information lawfully and under no obligation of confidentiality to the

10  Designating Party.  Any use of Protected Material at trial shall be governed by a separate

11  agreement or order.

12  **4.    DURATION**

13      Even after final disposition of this litigation, the confidentiality obligations imposed

14  by this Order shall remain in effect until a Designating Party agrees otherwise in writing

15  or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1)

16  dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

17  judgment herein after the completion and exhaustion of all appeals, rehearings,

18  remands, trials, or reviews of this action, including the time limits for filing any motions

19  or applications for extension of time pursuant to applicable law.

20  **5.    DESIGNATING PROTECTED MATERIAL**

21      5.1    Exercise of Restraint and Care in Designating Material for Protection.

22  Each Party or Non-Party that designates information or items for protection under this

23  Order must take care to limit any such designation to specific material that qualifies

24  under the appropriate standards, recognizing the "strong presumption in favor of access

25  to court records." *Foltz v. State Farm Mutual Auto Insurance Comp.* (9th Cir. 2003), 331

26  F.3d 1124, 1134. The Ninth Circuit "adopted this principle of disclosure because the

27  resolution of a dispute on the merits, whether by trial or summary judgment, is at the

28  heart of the interest in ensuring the public's understanding of the judicial process and of

1   significant public events."

2      In light of this, the parties understand that information or items should not be

3   designated for protection under this Order unless a compelling reason can subsequently

4   be articulated, "overcoming this strong presumption" and outweighing "the general

5   history of access and the public policies favoring disclosure." *Kamakana v. City and*

6   *County of Honoloulu* (9th Cir. 2006), 447 F.3d 1172, 1178-79.

7      The Designating Party must designate for protection only those parts of material,

8   documents, items, or oral or written communications that qualify – so that other

9   portions of the material, documents, items, or communications for which protection is

10   not warranted are not swept unjustifiably within the ambit of this Order.

11      Mass, indiscriminate, or routinized designations are prohibited.  Designations that

12   are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

13   to unnecessarily encumber or retard the case development process or to impose

14   unnecessary expenses and burdens on other parties) expose the Designating Party to

15   sanctions.

16      If it comes to a Designating Party's attention that information or items that it

17   designated for protection do not qualify for protection, that Designating Party must

18   promptly notify all other Parties that it is withdrawing the mistaken designation.

19      5.2    Manner and Timing of Designations.  Except as otherwise provided in this

20   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

21   ordered, Disclosure or Discovery Material that qualifies for protection under this Order

22   must be clearly so designated before the material is disclosed or produced.

23      Designation in conformity with this Order requires:

24      (a)  for information in documentary form (e.g., paper or electronic documents, but

25   excluding transcripts of depositions or other pretrial or trial proceedings), that the

26   Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS'

27   EYES ONLY" to each page that contains protected material.  If only a portion or portions

28   of the material on a page qualifies for protection, the Producing Party also must

1  clearly identify the protected portion(s) (e.g., by making appropriate markings in the

2  margins).

3       A Party or Non-Party that makes original documents or materials available for

4  inspection need not designate them for protection until after the Receiving Party has

5  indicated which material it would like copied and produced.  During the inspection and

6  before the designation, all of the material made available for inspection shall be deemed

7  "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the Receiving Party has identified

8  the documents it wants copied and produced, the Producing Party must determine which

9  documents, or portions thereof, qualify for protection under this Order.  Then, before

10  producing the specified documents, the Producing Party must affix the

11  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS'-EYES ONLY" legend to each

12  page that contains Protected Material.  If only a portion or portions of the material on a

13  page qualifies for protection, the Producing Party also must clearly identify the protected

14  portion(s) (e.g., by making appropriate markings in the margins).

15       (b)  for testimony given in deposition or in other pretrial or trial proceedings, that

16  the Designating Party identify on the record, before the close of the deposition, hearing,

17  or other proceeding, all protected testimony.

18       (c)  for information produced in some form other than documentary and for any

19  other tangible items, that the Producing Party affix in a prominent place on the exterior

20  of the container or containers in which the information or item is stored the legend

21  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only a portion

22  or portions of the information or item warrant protection, the Producing Party, to the

23  extent practicable, shall identify the protected portion(s).

24       5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure

25  to designate qualified information or items does not, standing alone, waive the

26  Designating Party's right to secure protection under this Order for such material.  Upon

27  timely correction of a designation, the Receiving Party must make reasonable efforts to

28  assure that the material is treated in accordance with the provisions of this Order.

1      5.4    Personal Information of CDCR Employees and Other Inmates. Personal

2 information of current and former CDCR employees, including but not limited to social

3 security numbers, telephone numbers and home addresses, shall be redacted from all

4 discovery documents regardless of their designated protected status.  Additionally,

5 identification information of non-Plaintiff inmates or parolees shall be redacted from all

6 discovery materials produced.  If Plaintiff seeks un-redacted copies of produced

7 documents, Defendants will submit those documents to the Court for in camera review

8 for determination of relevance and the need for disclosure.

9 **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

10      6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

11 confidentiality at any time.  Unless a prompt challenge to a Designating Party's

12 confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

13 unnecessary economic burdens, or a significant disruption or delay of the litigation, a

14 Party does not waive its right to challenge a confidentiality designation by electing not to

15 mount a challenge promptly after the original designation is disclosed.

16      6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

17 process by providing written notice to the Designating Party of each designation it is

18 challenging and describing the basis for each challenge. To avoid ambiguity as to

19 whether a challenge has been made, the written notice must recite that the challenge to

20 confidentiality is being made in accordance with this specific paragraph of the Protective

21 Order.  The Challenging Party and the Designating Party shall attempt to resolve each

22 challenge in good faith and must begin the process by conferring directly (in voice-to-

23 voice dialogue; other forms of communication are not sufficient) within 14 days of the

24 date of service of notice.  In conferring, the Challenging Party must explain the basis for

25 its belief that the confidentiality designation was not proper and must give the

26 Designating Party an opportunity to review the designated material, to reconsider the

27 circumstances, and, if no change in designation is offered, to explain the basis for the

28 chosen designation.  A Challenging Party may proceed to the next stage of the challenge

1    process only if it has engaged in this meet and confer process first or establishes that the

2    Designating Party is unwilling to participate in the meet and confer process in a timely

3    manner.

4        6.3    Judicial Intervention.  If the Challenging Party and the Designating Party

5    cannot resolve a challenge without court intervention, the Designating Party shall file

6    and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance

7    with Civil Local Rule 79-5) within 21 days of the initial notice of challenge or within 14

8    days of the parties agreeing that the meet and confer process will not resolve their

9    dispute, whichever is earlier.  Each such motion must be accompanied by a competent

10   declaration affirming that the movant has complied with the meet and confer

11   requirements imposed in the preceding paragraph.  Failure by the Designating Party to

12   make such a motion including the required declaration within 21 days (or 14 days, if

13   applicable) shall automatically waive the confidentiality designation for each challenged

14   designation.  In addition, the Challenging Party may file a motion challenging a

15   confidentiality designation at any time if there is good cause for doing so, including a

16   challenge to the designation of a deposition transcript or any portions thereof.  Any

17   motion brought pursuant to this provision must be accompanied by a competent

18   declaration affirming that the movant has complied with the meet and confer

19   requirements imposed by the preceding paragraph.

20       The burden of persuasion in any such challenge proceeding shall be on the

21   Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g.,

22   to harass or impose unnecessary expenses and burdens on other parties) may expose the

23   Challenging Party to sanctions.  Unless the Designating Party has waived the

24   confidentiality designation by failing to file a motion to retain confidentiality as

25   described above, all Parties shall continue to treat the material in question to the level of

26   protection to which it is entitled under the Producing Party's designation until the court

27   rules on the challenge.

28   //

9

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.

This Protective Order is intended to and does preclude Counsel of Record from disclosing documents and information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to Plaintiff, members of Plaintiff's family, friends, or associates of Plaintiff, or to any other inmate or parolee, or to the public.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, only the Counsel of Record (as well as support staff) of the Receiving Party may have access to and review any information or item designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY."   It is further agreed by the Parties and ordered by the Court that the information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is never to be disseminated to or discussed with any inmates, including a Party or a witness, parolee, and the public in this case or in any other capacity, unless there is a successful challenge to such information under section 6.  In the event the Receiving Party believes that information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" needs to be discussed with their client or another person, Receiving Party must first contact the Designating Party to discuss disclosure of the specific record.

//

10

1     7.3    Disclosure of "CONFIDENTIAL" Information or Items.

2         This Protective Order is intended to and does preclude Counsel of Record from

3    allowing Plaintiff to possess or retain a copy of any information designated

4    "CONFIDENTIAL."  However, this Protective Order is not intended to and does not

5    preclude Counsel of Record from displaying, disclosing or discussing the contents of

6    such information or items to Plaintiff.  The Parties agree that information or items

7    labeled "CONFIDENTIAL" may be displayed or disclosed to or discussed between

8    Counsel of Record and Plaintiff to the extent necessary to conduct litigation.

9         In addition to the above, unless otherwise ordered by the court or permitted in

10   writing by the Designating Party, a Receiving Party may disclose any information or item

11   designated "CONFIDENTIAL" only to:

12        (a)  the Receiving Party's Counsel of Record in this action, as well as employees of

13   said Counsel of Record to whom it is reasonably necessary to disclose the information for

14   this litigation (as well as support staff);

15        (b)  the officers, directors, and employees of the Receiving Party to whom

16   disclosure is reasonably necessary for this litigation and who have signed the

17   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18        (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

19   reasonably necessary for this litigation and who have signed the "Acknowledgment and

20   Agreement to Be Bound" (Exhibit A);

21        (d)  the court and its personnel;

22        (e)  court reporters and their staff, professional jury or trial consultants, mock

23   jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

24   litigation and who have signed the "Acknowledgement and Agreement to be Bound"

25   (Exhibit A);

26        (f)  during their depositions, witnesses in the action to whom disclosure is

27   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

28   Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

11

1    court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal

2    Protected Material must be separately bound by the court reporter and may not be

3    disclosed to anyone except as permitted under this Stipulated Protective Order.

4         (g)  the author or recipient of a document containing the information or a custodian

5    or other person who otherwise possessed or knew the information.

6    **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
         OTHER LITIGATION**

7

8         If a Party is served with a subpoena or a court order issued in other litigation that

9    compels disclosure of any information or items designated in this action as

10   "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," that Party must:

11        (a)  promptly notify in writing the Designating Party.  Such notification shall

12   include a copy of the subpoena or court order;

13        (b)  promptly notify in writing the party who caused the subpoena or order to issue

14   in the other litigation that some or all of the material covered by the subpoena or order is

15   subject to this Protective Order.  Such notification shall include a copy of this Stipulated

16   Protective Order; and

17        (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

18        Designating Party whose Protected Material may be affected.

19        If the Designating Party timely seeks a protective order, the Party served with the

20   subpoena or court order shall not produce any information designated in this action as

21   "CONFIDENTIAL" before a determination by the court from which the subpoena or

22   order issued, unless the Party has obtained the Designating Party's permission.  The

23   Designating Party shall bear the burden and expense of seeking protection in that court

24   of its confidential material – and nothing in these provisions should be construed as

25   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive

26   from another court.

27   //

28   //

12

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

9.1     Production of Protected Material by a Non-Party

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     Production of a Non-Party's Protected Material by a Party

(a)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(b)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to a confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection

13

1    in this Court of its Protected Material.

2    **10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

3    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

4    Protected Material to any person or in any circumstance not authorized under this

5    Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

6    the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

7    all unauthorized copies of the Protected Material, (c) inform the person or persons to

8    whom unauthorized disclosures were made of all the terms of this Order, and (d) request

9    such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

10    that is attached hereto as Exhibit A.

11    In the event the Receiving Party believes that documents labeled "CONFIDENTIAL

12    - ATTORNEYS' EYES ONLY" have been viewed or obtained by persons other than

13    Counsel of Record and their support staff, the Receiving Party must immediately (a)

14    notify in writing the Designating Party of the unauthorized disclosures, (b) identify the

15    person or persons to whom unauthorized disclosures were made, (c) inform the person

16    or persons to whom unauthorized disclosures were made of all the terms of this Order,

17    and (d) use its best efforts to retrieve all unauthorized copies of the Protected Material.

18    **11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
19           **PROTECTED MATERIAL**

20    When a Producing Party gives notice to Receiving Parties that certain inadvertently

21    produced material is subject to a claim of privilege or other protection, the obligations of

22    the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

23    This provision is not intended to modify whatever procedure may be established in an e-

24    discovery order that provides for production without prior privilege review. Pursuant to

25    Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on

26    the effect of disclosure of a communication or information covered by the attorney-client

27    privilege or work product protection, the Parties may incorporate their agreement in the

28    stipulated protective order submitted to the Court.

14

**12.   MISCELLANEOUS**

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, which clarifies that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."

In light of this rule, and the "compelling reason" standard of *Kamakana, supra,* the parties will make every effort to stipulate to the withdrawal of the designation of information or items for protection under this Order for which the compelling reason standard cannot be met.

Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, is required to protect the safety and security of any California Department of Corrections and Rehabilitation institution, employee, and inmate, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by

1    the court.

2        12.4  <u>Access to Protected Material By Authorized Government Officials.</u>  Nothing in

3    this Order is intended to prevent officials or employees of the State of California or other

4    authorized government officials from having access to Protected Material to which they

5    have access in the normal course of their official duties.

6        12.5  <u>Inmate Access to Inmate Files</u>.  This Order is not intended to abrogate the

7    existing rights of inmates to inspect their own records — specifically, the non-

8    confidential portion of their central files in addition to their unit health records —

9    pursuant to Department Operations Manual § 13030.16.  Unless otherwise ordered by

10   the Court, permitted in writing by the Designating Party, or with appropriate valid

11   authorization, any information or item designated confidential under this Order shall not

12   be disclosed or discussed with any other inmate other than the inmate to whom the

13   information or item pertains.

14   **13.   FINAL DISPOSITION**

15       (a)   Within 60 days after the final disposition of this action, as defined in

16   paragraph 4, each Receiving Party must return all Protected Material to the Producing

17   Party for destruction or destroy such material, subject to the exceptions set forth in

18   section 13(b).  As used in this subdivision, "all Protected Material" includes all copies,

19   abstracts, compilations, summaries, and any other format reproducing or capturing any

20   of the Protected Material.  Whether the Protected Material is returned, or destroyed, the

21   Receiving Party must submit a written certification to the Producing Party (and, if not

22   the same person or entity, to the Designating Party) by the 60 day deadline that (1)

23   identifies (by category, where appropriate) all the Protected Material that was returned

24   or destroyed and (2) affirms that the Receiving Party has not retained any copies,

25   abstracts, compilations, summaries or any other format reproducing or capturing any of

26   the Protected Material, other than the exceptions set forth in section 13(b).

27       (b)   Notwithstanding section 13(a), Counsel of Record are entitled to retain an

28   archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

16

1    legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

2    work product, and consultant and expert work product, even if such materials contain

3    Protected Material.  In addition, Counsel of Record is not required to destroy or return

4    copies of Protected Material that may be stored on back-up tapes created in the

5    Receiving Party's normal course of business and retained for disaster-recovery purposes.

6    Any such archival or back-up tape copies that contain or constitute Protected Material

7    remain subject to this Protective Order as set forth in Section 4 (DURATION).

8

9    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

10    Dated:  August 4, 2014                   Respectfully submitted,

11                                      KAMALA D. HARRIS
                                     Attorney General of California

12                                      JAY M. GOLDMAN
                                     Supervising Deputy Attorney General

13

14                                      **s/ PREETI K. BAJWA**_____
                                     PREETI K. BAJWA

15                                      Deputy Attorney General
                                     Attorneys for Defendants

16                                      Muniz, Munk, Ellis, Mack, and Wittenberg

17

18                                      SIEGEL & YEE
                                     And

19                                      THE LAW OFFICES OF DENNIS
                                     CUNNINGHAM

20

21                                      **s/ DAN SIEGEL**_____
                                     DAN SIEGEL,

22                                      NEIL COLIN SATTERLUND,
                                     Attorneys for Plaintiff

23                                      Alonzo Smith

24

25

26

27

28

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    DATED: ___August 6, 2014_____        _____

4                                                          VINCE CHHABRIA
                                                            United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Smith v. W. Muniz, et al.*, (Case No. C 13-0246 VC (PR)).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]

SF2013206123
40976392.doc

19

Stipulation to Protective Order and [Proposed] Order (C 13-0246 VC (PR))

# CERTIFICATE OF SERVICE

Case Name:   **Smith v. Muniz, et al.**                    No.    **C 13-0246 VC (PR)**

I hereby certify that on <u>August 4, 2014</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## STIPULATION TO PROTECTIVE ORDER AND [PROPOSED] ORDER

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>August 4, 2014</u>, at San Francisco, California.

|  |  |
|---|---|
| R. Caoile | **s/ R. Caoile** |
| Declarant | Signature |

SF2013206123
41040092.doc