DAN SIEGEL, SBN 56400
JANE BRUNNER, SBN 135422
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, California 94612
Telephone: (510) 839-1200
Fax: (510) 444-6698

DENNIS CUNNINGHAM, SBN 112910
115-A Bartlett Street
San Francisco, CA 94110
Telephone: (415) 285-8091
Fax: (415) 285-8092

Attorneys for Plaintiff
ALONZO SMITH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO SMITH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>G. ELLIS, Medical C.E.O.; A. ADAMS, Chief Medical Executive; JOHN ADAMO, Supervising Dentist; RICHARD MACK, MD; JOERG WITTENBERG, MD; and V.C. MUNK, DDS,<br><br>　　　　Defendants. | Case No. C-13-0246-VC<br><br>**NOTICE OF MOTION AND MOTION TO CERTIFY DEFENDANTS' APPEALS AS FRIVOLOUS**<br><br>Judge: Hon. Vince Chhabria<br>Date: September 10, 2015<br>Time: 10:00 a.m.<br>Courtroom: 4, 17th Floor<br><br>Case Filed: January 17, 2013<br>Jury Trial: None Set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, on September 10, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the above-entitled Court located at 450 Golden Gate, 17th floor, Courtroom 4, San Francisco, California, plaintiff ALONZO SMITH will

---

*Smith v. Muniz et al.,* Case No. C-13-0246-VC
Motion to Certify Defendants' Appeals as Frivolous — 1

and does hereby move this Court to certify defendants' interlocutory appeals as frivolous.

Plaintiff's motion will be based on this notice of motion and motion, the following memorandum of points and authorities, the records, pleadings, and files in this case, and such argument and evidence as may be presented at the hearing of this motion. Plaintiff's motion is made on the grounds that defendants' interlocutory appeals are frivolous as a matter of law in light of the Court's previous rulings in this matter.

Dated: July 30, 2015

                Respectfully submitted,

                SIEGEL & YEE

By /s/ *Dan Siegel*
Dan Siegel

Attorneys for Plaintiff
ALONZO SMITH

MEMORANDUM OF POINTS AND AUTHORITIES

**INTRODUCTION**

An interlocutory appeal of the court's denial of qualified privilege in the context of a motion for summary judgment will ordinarily divest the court of jurisdiction over the case. However, where such an appeal is frivolous, district courts have the authority to certify it as frivolous and thereby maintain jurisdiction. The district court may find an appeal frivolous if there appears to be no legal basis for the appeal, or if the Court of Appeals lacks jurisdiction to hear it.

Defendants' appeals are frivolous because this Court identified a disputed question of material fact precluding qualified immunity at summary judgment. The denial of qualified immunity did not turn on a question of law, but on the factual question of "deliberate disregard of a doctor's order by prison officials which results in extreme pain for the patient." Order Denying Motions for Summary Judgment ("Order"), Dkt. 132, 6:26-7:1.

**I.     Procedural History.**

Plaintiff Alonzo Smith filed his *pro se* complaint on January 17, 2013, alleging deliberate indifference to serious medical need in violation of the Eighth Amendment and praying for declaratory relief, injunctive relief, compensatory damages, and punitive damages. After obtaining counsel, he filed his First Amended Complaint on May 2, 2013, Second Amended Complaint on January 22, 2014, and Third Amended Complaint on March 9, 2015, praying for declaratory relief, injunctive relief, and compensatory damages in each. The Third Amended Complaint joined Chief Medical Executive A. Adams and Supervising Dentist John Adamo as defendants.

Defendants Mack, Marshall, Muniz, Munk, and Wittenberg filed their motion for summary judgment March 2, 2015, defendant Ellis filed his March 10, 2015, and defendants Adams and Adamo filed theirs March 27, 2015. Smith did not oppose summary judgment as to injunctive relief from defendants Marshall and Muniz, named in their official capacities only, to the extent such relief would be moot given Smith's expected release from Salinas Valley Prison June 10, 2015. The Court dismissed

Marshall and Muniz April 23, 2015, and otherwise denied all defendants' motions for summary judgment on June 19, 2015.  Dkt. 131 and Dkt. 132.

Defendants Adams, Adamo, Mack, Munk, and Wittenberg filed a notice of appeal July 16, 2015; defendant Ellis filed a notice of appeal July 17, 2015.  Dkt. 138 (case 15-16431) and Dkt. 139 (case 15-16441), respectively.

## II. Defendants' Interlocutory Appeals Are Frivolous.

### A. The Ninth Circuit Lacks Jurisdiction to Hear These Interlocutory Appeals.

No interlocutory appeal can lie from the Court's denial of qualified immunity here since "a defendant, entitled to invoke a qualified immunity defense, *may not appeal* a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones* (1995) 515 U.S. 304, 319-20 (emphasis added).  Where a trial court finds "a genuine issue of fact" precluding summary judgment and denies qualified immunity on that basis, the denial of qualified immunity is "not a 'final decision' within the meaning of the relevant statute," and that denial is therefore "not appealable." *Id.*, at 313; *Rodriguez v. County of Los Angeles* (C.D. Cal. 2014) 2014 WL 8396787, *1.

Here, the Court has found that "[t]his is the type of qualified immunity case where a factual dispute that precludes entry of summary judgment on the underlying constitutional question also precludes a finding of qualified immunity at the summary judgment stage."  Order, Dkt. 132, 6:22-26, citing *Espinosa v. City and County of San Francisco* (9th Cir. 2010) 598 F.3d 528, 532.  Because this Court's reason for denying qualified immunity at summary judgment is its finding of a disputed question of material fact, the Ninth Circuit lacks jurisdiction to hear defendants' appeals.  *Thomas v. Gomez* (9th Cir. 2002) 143 F.3d 1246, 1248, citing *Johnson, supra*, at 307.

### B. The Record Supports Smith's Version of the Facts.

An interlocutory appeal such as those here might not be wholly without merit, and on that basis the Court might decline to certify it as frivolous.  If the record did not support the plaintiff's version of the facts, there would therefore be no genuine dispute

of material fact. *Bui v. City and County of San Francisco* (N.D. Cal. 2014) 2014 WL 5073729, *3. Here, the Court enumerated how the evidence supports Smith's version of the facts.

First, the Court made it clear that the evidence supports Smith's contentions that he had a serious medical need, that a special diet would have addressed that need, that Smith's doctor ordered a special diet, and that defendants "didn't even consider complying with the doctor's order" for a special diet. Order, Dkt. 132:7-12. The Court then summarized how the evidence supports Smith's contentions regarding each defendant. Mack was aware of the doctor's order but said he "couldn't do anything because it was a mere dental problem." Munk was aware of the doctor's order but said he could do nothing because of an apparent prison policy. Wittenberg said he could do nothing because he lacked the authority to order a special diet. Adams denied a request for a special diet simply because such diets are unavailable. Adamo knew of Smith's requests for a special diet but took no steps to ensure it was provided. Ellis was aware of the doctor's order but denied Smith's appeal simply because he believed Smith was not entitled to it. Order, Dkt. 132:1-22.

### C.  Defendants May Not Appeal Unless They Accept *All* of Plaintiff Smith's Facts as True.

An interlocutory appeal of the denial of qualified immunity at summary judgment may be made "only if [the defendant] accepts as undisputed the facts presented by the [plaintiff]," otherwise there "[s]imply is no right to an interlocutory appeal." *Todd v. LaMarque* (N.D. Cal. 2008) 2008 WL 205591, citing *Adams v. Speers* (9th Cir. 2007) 473 F.3d 989, 990-91. Here, defendants cannot accept the above outlined evidence as true and still assert a basis for their appeals.

### D.  Defendants' Appeals Would Cause Undue Delay.

Defendants' appeals would divest the Court of jurisdiction over this case for at least a year, which would "'significantly disrupt and delay trial court proceedings' and, in so doing, may 'injure the legitimate interests of other litigants and the judicial

---

*Smith v. Muniz et al.,* Case No. C-13-0246-VC
Motion to Certify Defendants' Appeals as Frivolous — 5

system.'" *California ex rel. Lockyer v. Mirant Corp.* (N.D. Cal. 2003) 266 F.Supp.2d 1046, 1052, citing *Apostol v. Gallion* (7th Cir. 1989) 870 F.2d 1335, 1338.

### III. The Court Has Authority to Certify Defendants' Appeals as Frivolous Without a Hearing.

#### A. The Supreme Court Recognizes the Court's Authority.

The Supreme Court has recognized the power of a trial court to certify to the Circuit that an interlocutory appeal is frivolous "to return jurisdiction pending summary disposition of the appeal and thereby minimize[] disruption of ongoing proceedings." *Behrens v. Pelletier* (1996) 516 U.S. 299, 310-11. The Ninth Circuit has held that "[s]hould the district court find that the defendants' claim of qualified immunity is frivolous…the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Chuman v. Wright* (9th Cir. 1992) 960 F.2d 104, 105.

#### B. The Court May Resolve This Matter Without a Hearing.

Pursuant to Local Rule 7-1(b) and Federal Rule of Civil Procedure 78, the Court may, at its discretion, find this matter appropriate for resolution without a hearing. *See Todd v. LaMarque* (N.D. Cal. 2008) 2008 WL 205591, *1; *Bui v. City and County of San Francisco* (N.D. Cal 2014) 2014 WL 5073729, *1. In the interest of efficiency and to respect the Court's time, plaintiff Alonzo Smith requests the Court do so.

### CONCLUSION

Since the Court has held that a disputed material fact precludes summary judgment and qualified immunity, plaintiff hereby requests the Court certify in writing

///
///
///
///
///

1 that defendants' appeals are frivolous, and allow the case to proceed before this Court,
2 while plaintiff petitions the Ninth Circuit to dismiss the appeal and sanction
3 defendants.

5     Dated: July 30, 2015

                                                Respectfully submitted,
                                                SIEGEL & YEE

                                                By /s/ *Dan Siegel*
                                                Dan Siegel

                                                Attorneys for Plaintiff
                                                ALONZO SMITH